**UNITED STATES of America,**
**Appellee,**

v.

**Troy NAPPER, a/k/a Troy Mote,**
**Defendant–Appellant.**

**No. 09–3366–CR.**

United States Court of Appeals,
Second Circuit.

July 20, 2010.

Gary D. Weinberger, Assistant Federal Defender (Thomas McCudden, on the brief) for Thomas G. Dennis, Federal Defender, Hartford, CT, for Appellant.

David E. Novick, Assistant United States Attorney (William J. Nardini, Assis-

tant United States Attorney, of counsel), for David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, Circuit Judges, RICHARD W. GOLDBERG, Judge.*

## SUMMARY ORDER

Appellant Troy Napper appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*), which sentenced Napper principally to 188 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentencing decision under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (quoting *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). We examine the sentence for reasonableness, both procedural and substantive. *United States v. Avello–Alvarez*, 430 F.3d 543, 545 (2d Cir.2005).

To the extent that Napper's argument may be construed to challenge the procedural reasonableness of his sentence, he presents no evidence that the prosecution's decision to file a 21 U.S.C. § 851 notice was based on improper factors. *See United States v. Sanchez*, 517 F.3d 651, 671 (2d Cir.2008). Nor does he present sufficient evidence that there exists a geographical variance in the volume of filings of § 851 notices such that there is a sentencing disparity between similarly-situated defendants. Napper analogizes the alleged variance in filing of § 851 notices with geo-

* The Honorable Richard W. Goldberg, of the United States Court of International Trade,     sitting by designation.

graphically-limited "fast track" programs authorized in U.S.S.G. § 5K3.1. We have expressly rejected that differences between sentences in jurisdictions with and without a "fast track" program render a sentence unreasonable. *See United States v. Mejia,* 461 F.3d 158, 164 (2d Cir.2006).

Napper claims that his below-Guidelines sentence was substantively unreasonable because the district court failed to consider adequately the factors detailed in 18 U.S.C. § 3553(a) and thus his sentence was "greater than necessary." Our review of the sentencing hearing belies this position. Though Napper himself would have weighed the factors differently, that does not mean the district court abused its discretion when it conducted its balancing.

The judgment of the district court is hereby **AFFIRMED**.